**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2020-0481, <u>In the Matter of Eric Robinson and Rhonda Robinson</u>, the court on April 29, 2021, issued the following order:**

Having considered the briefs and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The petitioner, Eric Robinson (Husband), appeals the final divorce decree entered by the Circuit Court (<u>Yazinski</u>, J.) in his divorce from the respondent, Rhonda Robinson (Wife). We affirm.

The trial court has broad discretion in fashioning a final divorce decree. <u>In the Matter of Spenard & Spenard</u>, 167 N.H. 1, 3 (2014). Its discretion necessarily encompasses decisions concerning property distribution. <u>Id</u>. We will not overturn the trial court's decision absent an unsustainable exercise of discretion. <u>Id</u>. This means that we review only whether the record establishes an objective basis sufficient to sustain the discretionary judgment made, and we will not disturb the trial court's determination if it could reasonably have been made. <u>In the Matter of Kurowski & Kurowski</u>, 161 N.H. 578, 585 (2011). If the trial court's findings could reasonably have been made on the evidence presented at trial, they will stand. <u>Spenard</u>, 167 N.H. at 3.

On appeal, Husband argues that the record does not support the trial court's property division. As the appealing party, Husband has the burden of providing a record sufficient to decide his appellate issues. <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250, (2004); <u>see</u> <u>Sup. Ct. R.</u> 13. The transcript of the final divorce hearing reveals that the parties introduced more than 35 exhibits. Husband has provided only two of those exhibits as part of the appellate record and has not provided the parties' financial affidavits. Absent a complete record, we must assume that the evidence supported the trial court's decision. <u>See</u> <u>Bean</u>, 151 N.H. at 250. We review the court's order for errors of law only, <u>see</u> <u>Atwood v. Owens</u>, 142 N.H. 396, 397 (1997), and finding none, we uphold its property distribution.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**